S.D.N.Y. – W.P.
18-cv-1197
Krause, M.J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

Present:
> Debra Ann Livingston,
>     *Chief Judge,*
> Barrington D. Parker,
> Alison J. Nathan,
>     *Circuit Judges*.

---

Richard Hoffer,

    *Plaintiff-Appellant*,

v.                                                                                 22-1377

Police Officer Elyssa Tellone, Shield #730387, et al.,

    *Defendants-Appellees*,

City of Yonkers, et al.,

    *Defendants*.

---

Appellant, pro se, moves for in forma pauperis status. Upon due consideration, it is hereby ORDERED that the motion is DENIED as moot because the district court has granted in forma pauperis status.

However, it is Appellant's duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary" or "file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1)(A)–(B), (b)(2). Appellant's Form D-P indicated that he was "ordering a transcript." Nevertheless, the trial transcripts do not appear on the district court docket. Appellant must proceed as follows.

If Appellant seeks free transcripts, he must first move in the district court within 30 days of this order and demonstrate financial need and that his appeal is "not frivolous (but presents a substantial question)." See 28 U.S.C. § 753(f).

If the district court grants the motion for free transcripts, then the appeal will proceed in the ordinary course, after the transcripts are produced and docketed.

If the district court denies the motion, Appellant must do one of the following within 30 days of the district court's decision:

(1) submit proof that he has ordered the trial transcripts and has arranged to pay the court reporter, and provide a statement of the relevant facts and likely merit of the issues he plans to raise on appeal; or

(2) file a statement that the trial transcripts will not be ordered, explaining why this should not result in his appeal being dismissed, and listing the issues he plans to argue that do not require review of the trial transcripts; or

(3) file in this Court a new motion for free trial transcripts that demonstrates financial need and includes a statement identifying the relevant facts and making a showing as to the likely merit of the issues Appellant plans to raise on appeal. See Fed. R. App. P. 24(a)(1), (5); 2d Cir. Loc. R. 24.1. Any motion for free transcripts will be decided by a new panel in the ordinary course.

If Appellant does not wish to seek free transcripts in the district court, he is directed to submit to this Court, within 30 days of this order, one of the following:

(1) proof that he has ordered the trial transcripts and has arranged to pay the court reporter; or

(2) a statement that the trial transcripts will not be ordered, explaining why this should not result in the appeal being dismissed, and listing the issues Appellant plans to argue that do not require review of the trial transcripts.

Appellant is advised that, if he does not seek free transcripts of the trial, supply those transcripts, or certify that the trial transcripts are not needed, his appeal will be dismissed. See Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (dismissing an appeal with prejudice where a pro se appellant failed to provide trial transcripts). If Appellant needs more time to obtain the trial transcripts, he may submit to this Court, within 30 days of the date of this order, a motion for an extension of time, explaining why he needs an extension.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court